**In re Thomas R. HADDAD, Debtor.**

**Bkrtcy. No. 80–00343.**

United States Bankruptcy Court,
D. Nevada.

March 2, 1981.

Richard W. Horton, Lionel, Sawyer & Collins, Reno, Nev., for Haddad.

Janet L. Chubb, Sparks, Nev., for trustee.

OPINION AND DECISION

BERT GOLDWATER, Bankruptcy Judge.

On June 3, 1980, Thomas R. Haddad (Tom) filed a petition for voluntary bankruptcy under Chapter 7 of the United States Bankruptcy Code. On June 5, 1980,

the debtor filed his Statement of Financial Affairs with Schedule B–4 appended to the statement choosing California State exemptions under 11 U.S.C. 522(b)(1).[1] Schedule B–4 contains debtor's claim of exemptions pertaining to clothing, jewelry, home, and automobile. In addition, debtor claims that $400,000 cash remaining from insurance proceeds received on the life of his deceased brother and business partner, Abe H. Haddad (Abe), is exempt. On July 10, 1980, the trustee filed a Report of Exempt Property objecting to the debtor's claimed exemption of the $400,000. A hearing was held on December 15, 1980.

Tom and Abe were equal partners in a farming related business in Kern County, California, known as Golden H Packing Company (G.H.P.) until Abe's death on February 28, 1979. G.H.P. was, in turn, a 50% partner of LaVar Murdock in a potato farming business in Nevada known as Golconda Farms (Golconda).

In connection with each of these businesses, Tom and Abe had certain insurance agreements. With respect to G.H.P., Abe and Tom executed a buy-sell agreement funded by life insurance. On Abe's death, there was approximately $1,000,000 insurance proceeds paid to G.H.P. Such proceeds were collected by Tom and deposited in his name. With respect to their interests in Golconda, each brother purchased a policy on the life of the other and named himself beneficiary. Premiums on these policies were paid by Golconda but charged to the respective partnership draw of each brother. On his policy on Abe's life, Tom collected $751,561.64.

Of the insurance proceeds collected, there remains $400,000. This amount is presently held in time certificates of deposit subject to the Court's decision on its status as exempt property of the debtor's estate.

The debtor relies on Section 10171 of the California Insurance Code which provides as follows:

Any life policy or other agreement relating to the holding or payment of the proceeds of a life policy may provide that the proceeds thereof or payments thereunder shall not be subject to transfer, anticipation or commutation or encumbrance by any beneficiary, and shall not be subject to claims of creditors of any beneficiary or any legal process against any beneficiary.

If the proceeds are not exempt under the foregoing California law, an additional issue must be considered: whether or not a portion of the $400,000 is exempt under Section 690.9 of the California Code of Civil Procedure.[2]

I.

The debtor argues that Section 10171, coupled with the terms of the policy, exempt the insurance proceeds from the administration of the bankruptcy estate notwithstanding that the proceeds were paid to the beneficiary and that Section 690.9(a) specifically provides for the exemption of certain insurance proceeds. Section 10171 must be read in conjunction with Section 690.9 and it would do violence to the intent of the California Legislature to hold that Section 10171 may be construed to do what Section 690.9 is designed to do. Admittedly, the benevolent purposes to be served by wholly exempting the proceeds of life insurance from reach of creditors has long been recognized. *Holmes v. Marshall* (1905) 145 Cal. 777, 79 P. 534, cited in Debtor's Points and Authorities. This purpose is served adequately by Section 690.9.

The spendthrift clause in Section 10171 simply means that an insured may place the proceeds of a policy upon his life

---

1. Tom is a resident of California but no creditor has objected to this venue.

2. Section 690.9(a) provides as follows:

All moneys, benefits, privileges, or immunities, accruing or in any manner growing out of any life insurance, if the annual premiums paid do not exceed five hundred dollars ($500), or if they exceed that sum a like exemption shall exist which shall bear the same proportion to the moneys, benefits, privileges, and immunities so accruing or growing out of such insurance that such five hundred dollars ($500) bears to the whole annual premium paid.

beyond the reach of creditors of the beneficiary by providing that the proceeds shall not be subject to the claims of creditors. See *Couch on Insurance* 2d, Vol. 5, § 29:154. By doing this an insured renders the insurance company his trustee of a spendthrift trust in favor of the beneficiary. Section 10171 does nothing more than recognize the legality of a spendthrift clause in connection with insurance proceeds under California law. See generally 28 Cal.Jur.2d, Insurance, § 567, p. 327. The debtor contends that Section 10171 expressly covers *payment of proceeds* (as distinct from *the retention of proceeds*) making proceeds paid exempt from claims of creditors. It is the decision of this Court that the provision of the statute "holding or payment of proceeds" is designed to allow creation of a spendthrift trust for insurance proceeds when it is the intention of the insured, as expressed in the policy or other agreement, to protect proceeds held by an insurance company (e. g., proceeds representing an accumulative surrender value) or proceeds, however paid, from *anticipatory* alienation and attachment by creditors. As long as the insurance proceeds remain in the hands of the insurance company, such proceeds may not be reached by creditors. In this case, the proceeds have been paid to the beneficiary and cannot be protected by the provisions of Section 10171.

### II.

Whatever exemption debtor had under Section 690.9 of the California Code of Civil Procedure was used by the debtor from the total insurance received. (*California United States Bond and Mortgage Corp. v. Grodzins* (1934) 139 Cal.App. 240, 34 P.2d 192.) There is no insurance exemption to be allowed.

Let judgment be entered that the debtor pay over the insurance proceeds of $400,000 and any accrued interest to Janet Chubb, the Trustee in Bankruptcy, subject to any other unresolved claims against the fund by others than the debtor.