145 F.3d 1340
 2 Cal. Bankr. Ct. Rep. 46
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ceresa Annette ROTHERY, Debtor.
Ceresa Rothery, Appellant,
v.
Charles Daff, Chapter 7 Trustee, Appellee.
 No. 97-56175.
D.C. No. CV-97-02194-R.
 United States Court of Appeals, Ninth Circuit.
 Argued April 6, 1998.
Submited April 13, 1998.
Decided May 1, 1998.
 
 Appeal from the United States District Court for the Central District of California, Manuel L. Real, Chief Judge, Presiding.
 Before FARRIS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rothery, a debtor in Chapter 7, claimed that the insurance proceeds she received upon her husband's death were exempt from the estate under two California state rules. The bankruptcy court sustained the trustee's Objections to Exemptions and the district court affirmed. We affirm in part and remand.[1]
 
 BACKGROUND
 
 3
 Larry Cunningham obtained a judgement of $195,000 against Ceresa Rothery in November 1995. In February 1996 he learned that she had received $500,000 in life insurance proceed following the death of her husband in October 1995. He also suspected that she was paying all her creditors except him. She had transferred over $300,000 of the proceeds to third parties such as relatives and her lawyer. He filed an involuntary Chapter 7 petition against Rothery.
 
 
 4
 She claimed an Exemption in the Funds that were left under California Insurance Code § 10171 and California Code of Civil Procedure § 704.100(c). The trustee, Daff, served objections, which were sustained in their entirety by the bankruptcy court. Rothery appealed to the district court, which also sustained the objections. She appealed.
 
 DISCUSSION
 
 5
 The factual findings of the bankruptcy court are to be reviewed under a clearly erroneous standard. In re Kirsh, 973 F.2d 1454, 1456 (9th Cir.1992). Its conclusions of law are reviewed de novo. In re Claremont Acquisition Corp., 113 F.3d 1029, 1031 (9th Cir.1997).
 
 
 6
 Rothery's argument, that the proceeds are exempt under California Insurance Code § 10171, is misplaced. The section reads
 
 
 7
 [a]ny life insurance policy or other agreement relating to the holding or payment of the proceeds of a life policy may provide that the proceeds thereof or payments thereunder shall not be subject to transfer, anticipation or commutation or encumbrance by any beneficiary, and shall not be subject to the claims of creditors of any beneficiary or any legal process against any beneficiary.
 
 
 8
 Section 10171 exempts proceeds from policies in which the insurance company acts as the trustee of a spendthrift trust. In re Haddad, 9 B.R. 368, 370 (Bankr.D.Nev.1981), aff'd other grounds, 15 B.R. 903 (9th Cir.BAP1981).
 
 
 9
 Property rights in bankruptcy are determined by reference to state law. Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). To qualify as a spendthrift trust under California law, the beneficiary's interest in the trust must not be subject to voluntary transfer. See California Probate Code § 15300. In line with its role as a trust fund provision, Insurance Code § 10171 has a provision which requires that a beneficiary cannot have access to the proceeds: "Any life policy ... may provide that the proceeds thereof or payments thereunder shall not be subject to transfer, anticipation or commutation or encumbrance by any beneficiary." Only then will the proceeds "not be subject to the claims of creditors of any beneficiary or any legal process against any beneficiary." Cal.Ins.Code 10171.
 
 
 10
 The proceeds do not qualify as a spendthrift trust because Rothery has unbridled access to the funds at any time. As the bankruptcy judge found, the property is cash whose source is incidentally the payout of a life insurance policy. "As long as the insurance proceeds remain in the hands of the insurance company, such proceeds may not be reached by the creditors. In this case, the proceeds have been paid to the beneficiary and cannot be protected by the provision of § 10171." In re Haddad, 9 B.R. at 370. The bankruptcy court properly sustained the trustee's objections to exemptions based on provisions of Section 10171.
 
 
 11
 Whether the bankruptcy court properly sustained the objections to exemptions under Cal. Civil Procedure § 704.100(c) must turn on factual findings not part of the record. The code section provides:
 
 
 12
 Benefits from matured life insurance policies (including endowment and annuity policies) are exempt to the extent reasonably necessary for the support of the judgement debtor and the spouse and dependents of the judgement debtor.
 
 
 13
 Although the policy was completely paid out before the bankruptcy; the $165,000 (the amount Rothery wants to exempt) is cash that can be readily traced as insurance proceeds. It is subject to the limited exemption provided under the code.
 
 
 14
 Whether the funds are "reasonably necessary" for the support of a debtor and dependents receiving them is a question of fact. Although it appears that there are no minor dependents and that the insurance proceeds are not necessary for the support of the surviving spouse, we can not resolve the question as a matter of law.
 
 
 15
 We therefore affirm on the section 10171 issue but remand for a factual determination on the question of support. Each party shall bear his or her own costs.
 
 
 16
 AFFIRMED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 This case is part of larger proceedings. See Nos. 96-56589, 97-55625, 97-56034, 96-56397, 96-56471 and 97-56151